IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DELTA AIR LINES, INC. )
) NO. 3-14-0926
v. ) NO. 3-14-1112
) CONSOLIDATED CASES
INFLUENCE DIRECT, LLC, ) JUDGE CAMPBELL
et al. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment as to Defendants Jandar Corporation, Janet Davis and Darrell Carter (Docket No. 119).[1] For the reasons stated herein, Plaintiff's Motion is GRANTED, and Plaintiff is entitled to summary judgment on its trademark infringement, unfair competition, and tarnishment claims against Defendants Jandar Corporation, Janet Davis and Darrell Carter.

INTRODUCTION

Plaintiff is one of the world's largest commercial airline companies, serving more than 165 million customers each year. Delta also offers travel agent, vacation package and discount travel services through its wholly-owned subsidiary, MLT, Inc. d/b/a Delta Vacations.

Defendant Jandar Corporation is a Florida-based travel agency and travel club, owned and operated by Defendants Davis and Carter. Defendants offer traditional travel services and operate a travel club. In Defendants' travel club, members pay a one-time, up-front fee and an annual

---

[1] Defendants' Response to Plaintiff's Motion (Docket No. 123) is less than two pages and cites no legal authority. Defendants also failed to file the pages of Mr. Carter's deposition to which they cite. Plaintiff filed only portions of that deposition.

membership fee to ostensibly receive discount travel services. Defendants' travel club has thousands of client members and is a major and substantial portion of Defendants' overall business.

Defendants' primary method of marketing its services to the consuming public is through hiring marketers to print and mail postcards advertising Defendants' services. There is no dispute that the postcards at issue here, printed and mailed on Defendants' behalf, use and include Plaintiff's registered trademarks.

Plaintiff has sued Defendants for trademark infringement, unfair competition, and tarnishment, based upon Defendants' use of the allegedly counterfeit marks belonging to Plaintiff. Through the pending Motion, Plaintiff contends that Defendants have admitted directing their sub-contractor, Influence Direct ("ID"), to print and mail more than 80,000 postcards that bore infringing, counterfeit Delta marks.

Defendants have admitted that they did not obtain permission from Delta directly to use the marks. Defendants claim they did not actually know their conduct was unlawful because they believed ID had permission and the legal rights to use the marks. Plaintiff argues that Defendants had no reasonable basis for that belief. Plaintiff also argues that Defendants, at the very least, *should have known* they were not permitted to use Plaintiff's marks as they did.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material

facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## ANALYSIS

<u>Trademark Infringement</u>

The Lanham Act prohibits the unauthorized use in commerce of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. 15 U.S.C § 1114(1)(a).

To succeed in establishing liability for trademark infringement, a plaintiff must prove: (1) that it owns a valid, protectable trademark; (2) that the defendants used the trademark in commerce and without consent; and (3) that there was a likelihood of customer confusion. *C=Holdings B.V. v. Asiarim Corp.*, 992 F.Supp.2d 223, 239 (S.D. N.Y. 2013). To obtain summary judgment on its

3

trademark infringement and unfair competition claims,[2] Plaintiff must establish as a matter of law that Defendants' use of Plaintiff's marks creates a likelihood of confusion regarding the origin of the services offered by Defendants. *Express Welding, Inc. v. Superior Trailers, LLC,* 700 F.Supp.2d 789, 797 (E.D. Mich. 2010).

A certificate of registration with the U.S. Patent and Trademark Office is *prima facie* evidence that the mark is registered and valid (i.e., protectable), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce. *C=Holdings*, 992 F.Supp.2d at 239.[3] Thus, when a plaintiff sues for infringement of its registered mark, the defendant bears the burden of production and persuasion to rebut the presumption of ownership. *Id.*; *see also* 15 U.S.C. § 1065.

Here, it is undisputed that Plaintiff owns the registered Delta marks in question and that it uses them in connection with its offer for sale of air and related travel services. In fact, for purposes of this Motion, Defendants have admitted that Plaintiff's marks are valid and incontestable. Plaintiff has satisfied the first element of its trademark infringement claims, that it owns a valid, protectable trademark.

It is also undisputed that Defendants contracted with a third party, Influence Direct, to design, print, and mail postcards to consumers bearing the Delta marks. Plaintiff has satisfied the

---

[2] The likelihood of confusion analysis required to prove trademark infringement is the same as the analysis to prove unfair competition pursuant to 15 U.S.C. § 1125(a). *See Express Welding, Inc. v. Superior Trailers, LLC*, 700 F.Supp.2d 789, 797 (E.D. Mich. 2010).

[3] Registration establishes a rebuttable presumption that the marks are protectable. *Welding Services, Inc. v. Forman*, 509 F.3d 1351, n.3 (11th Cir. 2007).

first part of the second element of its trademark infringement claims, that Defendants used the trademarks in commerce.

Defendants admit that they used the Delta marks without authorization or consent from Plaintiff. Defendants claim they reasonably believed that Influence Direct had permission to use the Delta marks. Defendants have admitted that they never questioned anyone at Influence Direct about whether it possessed any authorization to use the Delta marks, and no one at Influence Direct ever told Defendants that it had such authorization. Testimony from Defendants' contact at Influence Direct confirms that there was no discussion between Influence Direct and Defendants about the parties' legal rights (or lack thereof) to use the Delta marks.

The Court finds that Defendants have failed to show that they had authorization or consent to use Plaintiff's marks, and their belief that Influence Direct had such permission is insufficient and unreasonable. Plaintiff has satisfied the second part of the second element of its trademark infringement claims, that Defendants used the Delta marks without consent.

To support its claim that there was a likelihood of confusion among consumers, Plaintiff has filed the Declaration of its Associate General Counsel, who states that numerous recipients of the infringing postcards sent by Defendants emailed Plaintiff and called Delta's reservations and/or customer service departments regarding the supposed giveaway of Delta airfares. Docket No. 119-1, ¶ 24. He also stated that at least one customer who received a check from Defendants, and believed it to be authentic, presented the check at a Delta ticket counter expecting to receive a $1,229.00 credit toward the purchase of her ticket. *Id.*

Defendants argue, in their Response, that they have received no complaints. Complaints to Defendants, however, are irrelevant. The allegedly infringing correspondence does not even name

the Defendants, much less provide contact information. There is no indicated method by which potential customers could contact Defendants to complain.

In response to Plaintiff's Statement of Undisputed Facts, Defendants claim that the consumer complaints made to Plaintiff are inadmissible hearsay. The complaints made to Plaintiff, however, are not offered for the truth of the matters asserted, but to show notice to Plaintiff of disgruntled customers. Moreover, the complaints may be considered as offered for the state of mind of the consumers. *See Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723, 738 (6th Cir. 2012); Fed. R. Evid. 803(3).

In addition, Plaintiff argues that Defendants' marks were counterfeit marks;[4] that is, spurious marks which are identical with, or substantially undistinguishable from, a registered mark. 15 U.S.C. § 1116(d)(1)(B)*; C=Holdings*, 992 F.Supp.2d at 241. Given that a counterfeit mark is "inherently confusing," consumer confusion is presumed in such cases. *Id.* The postcards identified in Plaintiff's Statement of Undisputed Facts include not only the actual Delta name, but also the actual Delta logo, which Defendants do not deny.

In any event, evidence of *actual* confusion is not required in a trademark infringement case. *Daddy's Junk Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 284 (6th Cir. 1997) (successful Lanham Act plaintiff only must show a sufficient *potential* of confusion, not actual confusion); *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642 (6th Cir. 1982). The Court finds that Plaintiff has established the third element of its claim, the likelihood of confusion through Defendants' use of Plaintiff's actual marks and notice to Plaintiff of confused consumers.

---

[4] Defendants have not addressed this argument.

Thus, the Court finds that Plaintiff has proven the elements of its trademark infringement claims; that is, Plaintiff has shown (1) that it owns valid, protectable trademarks; (2) that Defendants used the trademarks in commerce and without consent; and (3) that there is a likelihood of customer confusion. Accordingly, Plaintiff is entitled to summary judgment on its trademark infringement claims against these three Defendants.

Unfair Competition

A person is liable for unfair competition if, in connection with any goods or services, he uses in commerce any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. 15 U.S.C. § 1125(a)(1)(A).

To establish an unfair competition claim, the Plaintiff must show: (1) a false or misleading statement (2) in connection with commercial advertising or promotion that (3) was material, (4) was made in interstate commerce, and (5) damaged or will likely damage the Plaintiff. *C=Holdings*, 992 F.Supp.2d at 242. The false or misleading representation element is shown if either the challenged advertisement is literally false or, if not literally false, it is nevertheless likely to mislead or confuse customers. *Id*.

As stated above, the Defendants' use of Plaintiff's marks was likely to mislead or confuse customers, and that use was in connection with advertising and promotion in interstate commerce. The misleading use of the marks was material in that it was use of the actual marks, not just similar

7

marks, of Plaintiff and the marks were prominently displayed on the postcards. Defendants have not shown otherwise.

Moreover, as explained below in the analysis of Plaintiff's tarnishment claim, the unauthorized use of Plaintiff's marks has damaged and will likely damage the Plaintiff. Accordingly, the Plaintiff is entitled to summary judgment on its unfair competition claims against these three Defendants.

Tarnishment

Plaintiff contends that Defendants have tarnished Delta's famous marks by falsely associating those marks with Defendants' travel club and duping consumers into attending Defendants' presentations under false pretenses. The owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark in commerce that is likely to cause dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury. 15 U.S.C. § 1125(c)(1).

Dilution by tarnishment is defined as an association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark. 15 U.S.C. § 1125(c)(2)(C); *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, __ F.Supp.3d __, 2015 WL 5507147 at * 12 (S.D. N.Y. Sept. 18, 2015). A trademark may be tarnished when it is linked to products of shoddy quality or is portrayed in an unwholesome or unsavory context. *Id*. A trademark may also be diluted by tarnishment if the mark loses its ability to serve as a "wholesome identifier"

of the plaintiff's product. *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 110 (2d Cir. 2009).

To prevail on its tarnishment claim, Plaintiff must show that (1) its marks are famous, (2) Defendants are making a commercial use of the marks, (3) Defendants' use began after the marks became famous, and (4) Defendants' use of the marks dilutes the quality of the marks by diminishing the capacity of the mark to identify and distinguish goods and services. *Sony Computer Entertainment, Inc. v. Connectix Corp.*, 203 F.3d 596, 608 (9th Cir. 2000). Under the fourth element, Plaintiff must show that its marks will suffer negative associations through Defendants' use. *Id.*

Defendant does not challenge the fact that Plaintiff's marks are famous or that they are used in connection with Plaintiff's offer for sale of air and related travel services. As Plaintiff points out, Delta, as one of the world's largest airlines, registered one of the marks in 1957 and the other in 2002. The Court finds that Delta's marks are famous.

As explained above, it is clear that Defendants are using Delta's marks in commerce. Defendants' use of the marks began in January of 2013, after Plaintiff's marks became famous.

Plaintiff argues that Defendants' use of the marks dilutes the quality of the marks by diminishing the capacity of the mark to identify and distinguish services. Plaintiff contends that Defendants' use of Plaintiff's marks causes confusion as to whether Defendants' services are sponsored by or connected to Delta. The Court agrees.

As noted, Plaintiff must also show that its marks will suffer negative associations through Defendants' use. Defendants have admitted that the postcards at issue do not inform the recipients that they must attend Defendants' sales presentation or pay a monetary deposit to receive the

9

promised award. Recipients reported confusion and disappointment to Delta upon learning that the airfare giveaway promised in Defendants' postcards was neither genuine nor approved by Delta.[5]

The Court finds that Defendants' unauthorized use of the actual marks of Plaintiff on postcards offering the very services Plaintiff offers, resulting in confusion, disappointment and complaints, tarnishes Plaintiff's marks.

## CONCLUSION

For all these reasons, Plaintiff's Motion for Partial Summary Judgment (Docket No. 119) is GRANTED. Plaintiff is granted summary judgment as to its trademark infringement, unfair competition, and tarnishment claims against Defendants Jandar Corporation, Davis and Carter.

IT IS SO ORDERED.

                                                  *Todd Campbell*
                                                  TODD J. CAMPBELL
                                                  UNITED STATES DISTRICT JUDGE

---

[5] Defendants do not deny this fact but argue the statements are hearsay. *See* earlier discussion of actual confusion.